FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 06, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DAKOTA EDWARD STEVENS,<br><br>Petitioner,<br><br>v.<br><br>MELISSA ANDREWJESKI,<br><br>Respondent. | No. 4:24-CV-05024-MKD<br><br>ORDER DISMISSING ACTION WITHOUT PREJUDICE |

Before the Court are Petitioner Dakota Edward Stevens' First Amended Petition, consisting of 278 pages, ECF No. 5; a "Motion: Amended Habeas Corpus Petition Pursuant 28 U.S.C. § 2254(a) 'STAY AND ABEY' - PENDING STATE EXHAUSTION - '1ST AMENDED PETITION,'" ECF No. 6; a second Application to proceed *in forma pauperis*, ECF No. 7; and an "Amended Petition 'First' Addendum," presented on a 15-page petition form, ECF No. 8.

By Order filed April 1, 2024, the Court advised Petitioner, a *pro se* prisoner at the Coyote Ridge Corrections Center, of the deficiencies of his habeas corpus

ORDER DISMISSING ACTION WITHOUT PREJUDICE - 1

1   petition and directed him to amend within sixty (60) days.  ECF No. 4.  The $5.00

2   filing fee has been paid for this action.  Respondent[1] has not been served.

3        The Court instructed Petitioner to file an amended petition that clearly and

4   concisely stated his grounds for federal habeas corpus relief and the facts

5   supporting each ground, specifically, to present a "short and plain statement

6   showing he is entitled to relief."  *Id.* at 3, 10.  Petitioner's First Amended Petition,

7   motion, and addendum, consisting of more than 300 pages, do not comply with this

8   directive.  Petitioner does not present relevant information regarding his plea of

9   guilty to First Degree Child Molestation in Franklin County.  *See* ECF No. 5 at 1-

10  2.

11       When asked on the petition form if there was "any future sentence to serve

12  after you complete the sentence for the judgment that you are challenging,"

13  Petitioner responded "no," but then indicated "the other sentence was imposed" on

14  approximately February 27, 2023.  *Id.* at 13; ECF No. 8 at 13.  To the extent

---

[1] The Court notes that Melissa Andrewjeski is no longer the Superintendent at the Coyote Ridge Corrections Center and is, therefore, not a proper Respondent to this action.  Petitioner's failure to name a proper Respondent to his action deprives this Court of personal jurisdiction.  *See Stanley v. Cal. Sup. Ct.*, 21 F.3d 359, 360 (9th Cir. 1994).

ORDER DISMISSING ACTION WITHOUT PREJUDICE - 2

1  February 27, 2023, was the date of the sentence for First Degree Child Molestation
2  in Franklin County, the Court has already explained how the federal limitations
3  period would apply to that date. *See* ECF No. 4 at 8-10. With a sentence that was
4  not appealed, the federal limitation period began to run on March 29, 2023. *Id.* at
5  8.

6  Petitioner asserts that he filed a "new case," a Personal Restraint Petition
7  ("PRP"), in the Washington State Court of Appeals, Division III, on February 16,
8  2024,[2] which was apparently pending when Petitioner submitted this action on
9  February 21, 2024. ECF No. 5 at 3. Based on the state court finding that the PRP
10 was timely, ECF No. 5-1 at 3, it tolled the federal limitations period, which will
11 remain tolled until the Washington State Supreme Court issues its final disposition
12 regarding the petition. At that time, Petitioner will have 40 days to file a federal
13 habeas corpus petition. *See* ECF No. 4 at 9.

14 Although Petitioner seems to assert there should be a delay to the onset of
15 the federal limitations period pursuant to 28 U.S.C. § 2244(d)(1)(D), *see* ECF No.

---

[2] Petitioner has attached a copy of the Order Dismissing Personal Restraint Petition filed by the Washington State Court of Appeals, Division III, on April 10, 2024. *See* ECF No. 5-1. The Order does not mention an ineffective assistance of counsel claim, and it dismissed case No. 4053-3-III as frivolous. *Id.* at 6.

ORDER DISMISSING ACTION WITHOUT PREJUDICE - 3

5 at 14-15, he provides no factual support for a statutory delay.  Indeed, he does not identify "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."  28 U.S.C. § 2244(d)(1)(D).  As presented, Petitioner has failed to show a statutory basis to delay the running of the federal limitations period.  In any event, the federal limitations period does not appear to be an issue in this action.

Petitioner has renewed his request to stay these proceedings, pending the disposition of the state court petition.  *See* ECF No. 6.  Yet, on the petition form, Petitioner states: "See Appendix 'B' exhaustion of state remedies are now completed 'stay and abey' motion no longer required."  ECF No. 5 at 5.  He repeatedly asserts that "exhaustion is now completed."  *Id.* at 6.  Then, in his addendum, Petitioner states, "The Petitioner is pending exhaustion of state remedies in state court," and he repeatedly asserts, "pending exhaustion of state remedies."  ECF No. 8 at 5-7.  Therefore, it is unclear what Petitioner is requesting regarding a stay.

Regardless, based on a February 27, 2023 sentence and Petitioner's timely petition for state collateral review, the Court is unable to discern why a stay in this action is warranted.  *See* ECF No. 4 at 7-10.  Furthermore, apart from his conclusory assertions that he has "potentially meritorious" claims pending in state

ORDER DISMISSING ACTION WITHOUT PREJUDICE - 4

court, *see* ECF No. 6 at 1, 10, Petitioner has presented no meritorious claims in his First Amended Petition.

As his first ground for federal habeas corpus relief, Petitioner asserts: "Unconstitutional Statute" and "Unconstitutional Sentence" RCW 9A.44.020(1) – Bill of Attainder. ECF No. 5 at 5; ECF No. 8 at 5. As his second ground for federal habeas corpus relief, Petitioner asserts: "See: Appen 'B' for claim asserted Ineffective Assistance of Counsel." ECF No. 5 at 7. As supporting facts, he states: "Trail Counsel's Performance was deficient and this performance generated prejudice towards the defendant. Although the Petitioner failed to raise the issue of being charged under an 'Unconstitutional Statute' RCW 9A.44.020(1); compelling the Petitioner into a plea agreement with the State of Washington cause and prejudice is shown to excuse the default because trial attorney was ineffective in failing to challenge the constitutionality of state statute and sentence." *Id.* (as written in original). In the addendum, Petitioner references an "attached affidavit" which is not included. ECF No. 8 at 7. The supporting facts are presented as follows: "Counsel of record/trial counsel's performance violated 6th Amendment 'falling belowe the 'Strickland' standard as plea agreement was knowingly and/or volentary -under the 'Bill of Attainder' Statute RCW 9A.44.020(1) making plea agreement invalied on it's face – as Petitioner was coerced under duress to sign to avoid 'Life' sentence' I would have proceeded to trial under normal

ORDER DISMISSING ACTION WITHOUT PREJUDICE - 5

1  circumstances." *Id.* (as written in original).  Plaintiff indicates this ground is

2  "pending exhaustion" in both documents.  ECF No. 5 at 7; ECF No. 8 at 7.

3     The Court previously determined Petitioner's argument that RCW

4  9A.44.020(1), a state evidentiary statute, is an unconstitutional Bill of Attainder

5  lacks any basis in law or fact.  *See* ECF No. 4 at 5-6.  To the extent his admittedly

6  unexhausted ineffective assistance of counsel claim, ground two, is based on this

7  Bill of Attainder argument, it also lacks merit.  The Court will not entertain

8  Petitioner's Bill of Attainder arguments further.

9     Petitioner has presented no facts showing that there is a statute of limitations

10 problem which a stay could prevent.  *See Rhines v. Weber,* 544 U.S. 269, 274-75

11 (2005).  Therefore, for the reasons set forth above and in the prior Order to Amend

12 Petition, ECF No. 4, the Court will dismiss this action without prejudice to

13 Petitioner filing a timely habeas corpus petition with exhausted and cognizable

14 habeas claims against a proper Respondent.

15     Accordingly, **IT IS ORDERED:**

16     1.  This action is **DISMISSED WITHOUT PREJUDICE**.

17     2.  The "Motion: Amended Habeas Corpus Petition Pursuant 28 U.S.C. §

18 2254(a) 'STAY AND ABEY' - PENDING STATE EXHAUSTION - '1ST

19 AMENDED PETITION,'" **ECF No. 6**, is **DENIED as moot.**

20

ORDER DISMISSING ACTION WITHOUT PREJUDICE - 6

3. Petitioner's second Application to proceed *in forma pauperis*, **ECF No. 7**, is **DENIED as moot.**

4. The Court certifies that any appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). A certificate of appealability is therefore **DENIED**.

**IT IS SO ORDERED.** The Clerk's Office shall file this Order, **ENTER JUDGMENT**, provide copies to Petitioner, and **CLOSE** this file.

DATED June 6, 2024.

*s/Mary K. Dimke*
MARY K. DIMKE
UNITED STATES DISTRICT JUDGE
